**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:04-cr-00099-HDM-VPC |
| | ) | 3:16-cv-00383-HDM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SALVADOR MENA OROZCO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On June 20, 2016, defendant submitted for filing a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 93). The court hereby conducts its preliminary review of the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives [a § 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving part is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

1

A federal inmate may move to vacate, set aside, or correct his sentence pursuant to § 2255 if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255. Defendant's motion is based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague.

Under the ACCA, certain persons forbidden by federal law from possessing, shipping or receiving firearms face increased penalties if they have three or more prior convictions for a "serious drug offense" or a "violent felony." The ACCA defines "violent felony" to include, among other things, an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court held this part of the definition, referred to as the ACCA "residual clause," was unconstitutionally vague.

Defendant was not sentenced pursuant to the ACCA. Rather, he was charged with and pleaded guilty to a violation of 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A)(i) provides in relevant part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years . . . .

Section 924(c) defines "crime of violence" to include, among other

2

things, an offense that is a felony and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). Section 924(c)(3)(B) therefore contains a residual clause that is similar to the ACCA residual clause. It is an open question in this circuit whether *Johnson*'s invalidation of the residual clause in § 924(e) had any impact on the definition of "crime of violence" in § 924(c). However, without answering that question here, it is clear that defendant is not entitled to relief under *Johnson*. Defendant did not receive a sentence under § 924(c) for carrying a firearm during a crime of violence. Instead, he was charged with and pleaded guilty to carrying a firearm during a *drug trafficking crime*. *Johnson* does not impact the definition of "drug trafficking crime." *See United States v. Parnell*, 2016 WL 3230697, at *4 (3d Cir. June 13, 2016) ("Johnson does not call into question [§ 924(c)'s] unambiguous definition of 'drug trafficking crime.'"). Accordingly, *Johnson* provides no basis for granting defendant relief.

Accordingly, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, defendant's § 2255 motion (ECF No. 93) is hereby **DISMISSED**. The clerk shall serve a copy of this order on the defendant forthwith.

IT IS SO ORDERED.

DATED: This 12th day of July, 2016.

_____
UNITED STATES DISTRICT JUDGE